Shaw, C. J.
This action is without precedent in this commonwealth, and contrary to the practice and course of decisions. The court have heretofore declined making interlocutory orders, requiring the husband to advance money, for the necessary expenses of the wife, in prosecuting or defending a suit for divorce, until the authority was vested in them by St. 1851, c. 82. Even in executing the authority granted by this act, the court have felt it their duty, as a general rule, to limit the allowance to a sum necessary to obtain evidence, and defray necessary expenses, other than counsel fees.
It has been decided in a case like the present, where a wife was the prevailing party on a libel for divorce filed by the husband, that she might have a judgment for costs, and an execution to recover them, notwithstanding her coverture. Stevens v. Stevens, 1 Met. 279. So in this case, she had, or might have had a judgment for taxable costs, including attorney’s fees, and all expenses except counsel fees, unless there is some good legal reason for withholding them.
. In Vermont it has been decided that such action cannot be maintained. Wing v. Hurlburt, 15 Verm. 607.
In England, the practice of providing means for the wife, in a pending divorce, by or against her husband, has been managed by interlocutory orders, in the ecclesiastical courts, and a temporary taxation of costs, pending the suit, for taxable costs only. Cheale v. Cheale, 1 Hagg. Eccl. R. 374; Wilson v. Wilson, 2 Hagg. Consist. R. 203; Davis v. Davis, 2 Hagg. Consist. R. 204, note.
*406 The fact, that no such action has ever been brought here, is not conclusive; but it is evidence of a general understanding of what the law is. Judgment for the defendant.